# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2010

No. 08-41124
Summary Calendar

Lyle W. Cayce
Clerk

HORACE CULLUM

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; DR JOHN DOE #1; DR JOHN DOE #2; DR JOHN DOE #3; UNIVERSITY OF TEXAS MEDICAL BRANCH; DEBORAH HIENENBERG, RN; NATHANIEL QUARTERMAN; ANTHONY COLLINS, Warden of the CT Terrell Unit; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; CHANCE LOOMIS IRWIN, MD; KATHRYN M TRAHAN, MD; KENNETH WOODSIDE, MD; MICHAEL BRISCO, JR; VINCENT, MD; RILEY, MD

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-437

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Horace Cullum, Texas prisoner # 1208593, appeals the dismissal of his 42 U.S.C. § 1983 complaint. Proceeding pro se and in forma pauperis (IFP), Cullum alleged in an amended complaint, a more definite statement, and a supplement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his more definite statement that the defendants were deliberately indifferent to his serious medical needs with respect to the treatment of his right inguinal hernia (RIH). Cullum also claimed retaliation based on his filing of the instant suit. With respect to Cullum's claims of deliberate indifference, the district court granted summary judgment in favor of Deborah Hienenberg[1] and dismissed the claims against the remaining defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court dismissed all of Cullum's claims of retaliation pursuant to § 1915(e)(2)(B).

Cullum asserts that the district court failed to liberally construe his complaint and abused its discretion in not granting him a hearing, denying his motions for appointment of counsel, denying his motion to sever his claims against Hienenberg, and precluding him from deposing witnesses. He further asserts that, in not allowing a jury trial in his case, the district court abused its discretion and violated his right of access to the courts. There is no indication in the record that the district court failed to liberally construe Cullum's complaint. Additionally, because the district court ordered Cullum to file a more definite statement and Cullum's responses were considered by the district court, a hearing was not necessary in this case. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). Cullum's remaining assertions concerning the district court's denial of his motions, the deposition of witnesses, and the lack of a trial are meritless. *See* § 1915(e)(2)(B); FED. R. CIV. P. 56; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1099-1100 (5th Cir. 1973).

Cullum challenges the district court's grant of Henneberg's motion for summary judgment. This court reviews the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Hill v. Carroll County, Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Summary judgment

---

[1] The record refers to this appellee also as Deborah Henneberg.

should be granted when, viewing all disputed facts and inferences in the light most favorable to nonmovant, the pleadings, discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); *Hill*, 587 F.3d at 233. The nonmovant cannot defeat summary judgment with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

To state a claim under the Eighth Amendment based on inadequate medical treatment, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference is a mental state more blameworthy than negligence, equating to subjective recklessness under criminal law. *Farmer v. Brennan*, 511 U.S. 825, 834-36, 839-40 (1994). "Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (internal quotation marks and citation omitted). A delay in medical care violates the Eighth Amendment only if it is based on deliberate indifference and results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Cullum alleged that Hienenberg, a nurse in Cullum's prison unit, denied him medical care during one of his visits to the infirmary because, without treating him, she ordered him to return to the infirmary at a time after her shift had ended. The grant of summary judgment was not erroneous because there was no evidence that Henneberg acted with deliberate indifference or that the alleged two-hour delay resulting from her conduct caused any substantial harm to Cullum. *See Stewart*, 174 F.3d at 534; *Mendoza*, 989 F.2d at 195.

With respect to the dismissal of Cullum's claims of deliberate indifference against the remaining defendants, Cullum argues that the deliberate indifference to his RIH was evidenced by a delay of two and one-half years prior

to the performance of a herniorrhaphy to treat the RIH. Cullum's allegations did not include facts concerning specific interactions with the remaining defendants or any facts indicating that the delay in performing his herniorrhaphy was the result of unnecessary or wanton acts. The district court did not err in dismissing Cullum's remaining claims of deliberate indifference pursuant to § 1915(e)(2)(B). *See Stewart*, 174 F.3d at 534; *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (recognizing that the Eleventh Amendment bars suits in federal court by a citizen against agencies or departments of his state).

Cullum's appellate brief makes no mention of his claims of retaliation or the district court's denial of the injunctive relief he sought based on those claims. He has thus abandoned his claims for injunctive relief based on retaliation. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). In any event, Cullum failed to state a claim of retaliation because his pleadings contained no facts regarding any specific acts by the defendants depriving him of medical treatment, much less any facts from which it could plausibly be inferred that any such acts were motivated by his filing of the instant suit. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Because Cullum's appeal is frivolous, it is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We CAUTION Cullum that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).