# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2011

No. 10-60803
Summary Calendar

Lyle W. Cayce
Clerk

JAMES H. STERN,

Plaintiff-Appellant

v.

HINDS COUNTY, MISSISSIPPI; MALCOLM MCMILLIAN, Sheriff,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-348

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

While a pretrial detainee, James H. Stern, now Mississippi prisoner # 130001, filed an in forma pauperis (IFP) lawsuit under 42 U.S.C. § 1983 against Hinds County and the Hinds County Sheriff Malcolm McMillin.[1]  The district court dismissed his claim regarding exposure to tuberculosis while caring for another inmate with the disease as frivolous and for failure to state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In his district court filings and appeal brief, the sheriff spells his last name as "McMillin."

a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The district court also dismissed on summary judgment Stern's claim regarding exposure to disease during an unsanitary haircut, and the court found that this claim was frivolous under § 1915(e)(2)(B)(i). Stern contends that he stated claims for injunctive relief, nominal damages, and punitive damages even in the absence of a physical injury.

We review de novo the dismissal of Stern's claim regarding being forced to care for another inmate as frivolous and for failure to state a claim on which relief may be granted. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). We also review de novo the district court's summary judgment dismissal of Stern's claim regarding the unsanitary haircut. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996).

Stern's request for injunctive relief became moot upon his transfer from the Hinds County Detention Center in Jackson, Mississippi, to various facilities of the Mississippi Department of Corrections. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). He does not dispute the district court's finding that his allegations regarding exposure to diseases failed to state a nonfrivolous claim for compensatory damages in light of 42 U.S.C. § 1997e(e). Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

The district court did not err in failing to consider nominal damages regarding Stern's claim for exposure to tuberculosis while caring for another inmate because he did not seek such relief. *See Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 559, 606 (5th Cir. 2008). Stern failed to seek nominal damages for his claim regarding the unsanitary haircut until he filed his objections to the MJ's third report, which was more than three years after filing his complaint and more than two years after the defendants answered. By

failing to address the district court's ruling that his nominal damages argument was untimely, Stern has abandoned this issue. *See Mapes*, 541 F.3d at 584.

In addition, Stern cannot recover punitive damages from Hinds County under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Although punitive damages can be assessed against an individual defendant sued in his individual capacity, Stern only sued Sheriff McMillin in his "official and supervisory" capacities. An official-capacity claim "is, in all respects other than name, to be treated as a suit against the [government] entity," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and Stern cannot recover punitive damages from Hinds County. *See City of Newport*, 453 U.S. at 271. Also, § 1983 "does not create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

Thus, Stern has failed to demonstrate error in the district court's dismissal of his claim regarding being forced to care for another inmate as frivolous and for failure to state a claim on which relief may be granted, or in the summary judgment dismissal of his unsanitary haircut claim. The district court's dismissal of Stern's lawsuit under § 1915(e)(2)(B)(i) and (ii) counts as one strike under 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996). We caution Stern that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.