Town of Lumberton *v.* Peyton.*

(Division A.   Oct. 18, 1926.)

[109 So. 740.   No. 25700.]

Costs. *Circuit court has no jurisdiction of appeal from justice court of prosecuting witness taxed with costs for instituting prosecution without reasonable cause* (*Hemingway's Code, sections 63, 69, 674* [*Code* 1906, *sections 85, 87, 965*]).

Circuit court has no jurisdiction of appeal from justice court of prosecuting witness taxed with costs, under Hemingway's Code, section 674 (Code 1906, section 965), on ground of instituting prosecution without reasonable cause, right of appeal being given only to party to civil suit (section 63 [section 85]) and to one convicted of crime (section 69 [section 87]).

*Corpus Juris-Cyc References: Costs, 15CJ, p. 323, n. 21 New.

APPEAL from circuit court of Lamar county.

HON. J. Q. LANGSTON, Judge.

E. B. Peyton was taxed with costs, as prosecuting witness in a case before the mayor of the town of Lumberton, and appealed to circuit court, which entered judgment in his favor, and the town appeals. Reversed and remanded, with instructions.

*John A. Yeager,* for appellant.

Appellee undertook surreptitiously to use the mayor and *ex-officio* justice of the peace court of the town of Lumberton as a collecting agency. This method of procedure is not tolerated by American jurisprudence. It is one of the inherent powers of the court in order to protect its dignity and to prevent mockery, to assess the cost against the offending prosecuting witness in such cases as the one now under consideration.

Under section 674, Hemingway's Code, authority is conferred upon "any court" where a prosecution is commenced against a person "without reasonable cause" to assess the accrued cost against the prosecuting witness and "issue execution therefor."

Under section 675, Hemingway's Code, plenary power is conferred upon *any* court (where provision is not otherwise made by statute) to "make such order for the payment of cost by any of the parties as in its discretion may seem proper."

Appellee complains that his constitutional prerogative has been invaded and that he has been denied his day in court. It appears to us that, as the record discloses that the appellee, and he alone, put the court in motion and was present in person and represented by attorney at every stage of the proceeding and liberally and without stint participated therein, that he, least of all, should complain of not having enjoyed his day in court.

We, therefore, submit that the judgment of the court below should be reversed and judgment here awarded the appellant or the case reversed and remanded for further proceedings in conformity with the law.

*Broadus & Broadus,* for appellee.

One contention of the appellee is that the Constitution guarantees to him the right of appeal from the judgment entered against him in the justice of the peace court and we think that the provisions of section 63, Hemingway's Code, are broad enough to include the appellee's case. It evidently was the intention of the legislature to provide for appeals from any and all orders and judgments of the justice of the peace court and it was not the intention of the legislature that the justice court should ever be a court of last resort from which no appeal could be taken. See section 63, and section 69, Hemingway's Code; section 171, Constitution of 1890.

The statute here in question should be construed in the light of the constitutional provisions, section 171, and with a view to the legislative intent; and looking at the matter from this standpoint, we cannot see how appellee's right of appeal from the justice of the peace court to the circuit court can be denied him. The right of appeal was not raised in this case in the circuit court; neither was the question raised in appellant's assignment of error and brief in this court, nor was the question of the jurisdiction of the circuit court raised in the trial of the cause in the circuit court or by appellant in the supreme court in any manner. We, therefore, suggest that this question should not be raised by this court of its own motion, especially in view of the provision of section 3186, Hemingway's Code.

Another proposition advanced by the appellee is that the record fails to show that the prosecution of the five defendants in the justice court was instituted without reasonable or probable cause. Nowhere in the record

is it denied that the five defendants had not fraudulently obtained board and lodging from the appellee and failed and refused to pay therefor. These defendants escaped punishment on the technical ground that the court had no jurisdiction of the offense, said crime having been committed in another county.

Under this state of facts can it be said that the appellee, an illiterate negro, began this proscution without reasonable or proable cause? There is absolutely no evidence in this record to show that appellee did not honestly believe that the five defendants could be proceeded against by the criminal courts of this county. See 18 R. C. L. p. 37; also Notes in 2 L. R. A. (N. S.) p. 1100.

The sixth and last contention of the appellee is that the order or judgment of the justice of the peace court assessing the appellee with the cost of prosecution violates sections 14 and 31 of the state Constitution in that he is deprived of his property without due process of law and was denied the right of trial by jury. See *Rickley* v. *State,* 61 L. R. A. 489 and notes; *Teat* v. *Fox,* 106 N. W. 779.

The circuit court did not commit error in entering the judgment in this cause.

McGOWEN, J., delivered the opinion of the court.

E. B. Peyton made affidavit before the clerk of the town of Lumberton that the five defendants, naming them in the separate affidavits, "on or about the 18th day of August, 1925, within the corporate limits of said town, did fraudulently obtain board and lodging, (and) that they refused and neglected to pay for same, said act being contrary to the ordinance of said town in such case made and provided, and against the peace and dignity of the state of Mississippi."

Warrants were issued for the defendants, and, upon trial of the case, according to the judgment of the mayor

of said town of Lumberton, the defendants were acquitted and discharged and Peyton, appellee here, taxed with the costs.

On the trial, according to the mayor's judgment, Peyton testified that the board and lodging obtained from him by each of the defendants was obtained in Canton, Madison county, and that no one of the defendants obtained from him anything of value within the corporate limits of the town of Lumberton. Whereupon the court entered a judgment taxing Peyton, the prosecuting witness, with the costs of the case, because said prosecution had been instituted by him "without reasonable cause," and recited the amount of costs to aggregate fifty-one dollars and seventy-five cents, acquitting and discharging each of the defendants. Whereupon Peyton, prosecuting witness, thus taxed with the costs, appealed to the circuit court, and the circuit court entered a judgment in his favor against the town of Lumberton, taxing said town with the costs in that court.

It will be observed that the costs in this case were taxed against the prosecuting witness, under the authority of section 674, Hemingway's Code, section 965, Code of 1906, which section confers authority upon any court, where a prosecution is commenced against any person without reasonable cause, to assess the costs of such prosecution against the prosecuting witness and to issue execution therefor.

Peyton, who attempted to appeal the case to the circuit court, was not party to any civil proceeding. No civil proceeding was pending, and therefore no jurisdiction was conferred upon the circuit court in this case, by virtue of section 63, Hemingway's Code, section 85, Code of 1906, which only confers the right of appeal on one of the parties to a lawsuit.

Likewise Peyton was not a defendant and was not convicted of any criminal offense against the laws of the state or municipality, and therefore section 69, Hemingway's Code, section 87, Code of 1906, conferred no right

of appeal upon him, and his attempted appeal conferred no jurisdiction upon the circuit court to render any judgment in this case. There are no other sections authorizing appeals from a justice of the peace court, and Peyton being taxed with the costs did not make him a party entitled to appeal, within the meaning of either of these statutes.

We are of opinion that the circuit court was without jurisdiction to enter any order, and, on our own motion, there being no jurisdiction in the circuit court, this court is without jurisdiction. We therefore reverse and remand the case, with instructions to the court below to dismiss the appeal there.

*Reversed and remanded.*