# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2012

No. 10-60662
Summary Calendar

Lyle W. Cayce
Clerk

JAMES H. STERN,

Plaintiff-Appellant

v.

CHRISTOPHER EPPS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:08-CV-33

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

James H. Stern, Mississippi prisoner # 130001, appeals the judgment in his 42 U.S.C. § 1983 lawsuit. We deny Stern's motion for oral argument, *see* FED. R. APP. P. 34(a)(2)(C), and affirm the judgment. Also, because the record is sufficient to address Stern's arguments, we deny his request for a transcript of the March 17, 2010 pretrial conference.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Stern filed a 42 U.S.C. § 1983 lawsuit against numerous named and unnamed defendants. The named defendants included, among others, the Mississippi Department of Corrections (MDOC), MDOC Commissioner Christopher Epps, Mississippi Attorney General Jim Hood, Deputy Attorney General Myrick Jackson, Deputy Attorney General Grant Hedgepeth, and Hinds County Circuit Clerk Barbara Dunn. In his complaint, Stern stated that these named defendants were being sued in their "official and supervisory" capacities. Stern alleged, among other claims, (1) that he had been injured by exposure to environmental tobacco smoke in an MDOC facility; (2) that the withdrawal of funds from his and other prisoners' accounts for purchases they did not make constituted fraud, embezzlement, and money laundering; (3) that Hood, Jackson, and Hedgepeth committed perjury and obstruction of justice in Stern's criminal case; and (4) that Dunn had refused to file a court document and to provide him with copies of court documents. He alleged that his personal injuries consisted of migraine headaches, throat pain, chest pain, eye pain, lack of sleep, heart problems, and emphysema.

In subsequent pleadings, Stern alleged that a prison barber cut him with clippers during an unsanitary haircut, causing Stern to bleed and exposing him to AIDS, hepatitis, and other infections, and that he contracted an "infectious disease from haircuts while housed at a facility of MDOC." He sought $1 million in actual damages for his "personal injury claim," $10 million for pain and suffering, $20 million in punitive damages, injunctive relief, and "all percentages as described under the Whistle Blower law" for his allegations regarding fraud, money laundering, and embezzlement.

The district court found that the State of Mississippi and its agencies are not persons within the meaning of § 1983 and dismissed Stern's claims against the MDOC and other state agencies accordingly. The district court also dismissed the claims against Hood, Jackson, and Hedgepeth, ruling that judicial

officers, including prosecutors, "are entitled to absolute immunity for claims for damages arising out of acts performed in the exercise of their judicial functions" and that witnesses "are entitled to absolute immunity from civil liability." Order at 3, *Stern v. Epps*, No. 2:08cv33-KS-MTP (S.D. Miss. Aug. 19, 2008) (citations omitted). The district court found that Stern's claim against Dunn was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) The district court construed Stern's whistleblower claims under the federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), and dismissed the claims on the basis that Stern was not an employee of a government agency. Ultimately, the district court dismissed all of the remaining counts, save Stern's Eighth Amendment claim against Epps regarding exposure to environmental tobacco smoke. After a trial on this remaining claim, a jury found for Epps. The district court denied Stern's motion for judgment as a matter of law or a new trial. Stern timely filed a notice of appeal, and the district court granted him leave to appeal *in forma pauperis*.

## II.

On appeal, Stern raises a number of challenges, none of which succeeds. We discuss each of Stern's arguments in turn.

First, although Stern contends that the district court erred in denying his motion to disqualify the Mississippi Attorney General, Stern's allegations in a civil lawsuit for damages did not charge the Attorney General and other public officials with a crime within the meaning of Mississippi Code § 97-11-3. A similar phrase – "charges another with a crime" – appears in Mississippi Code § 99-1-11 and has been interpreted to refer to criminal prosecutions. *See Town of Lumberton v. Peyton*, 109 So. 740, 740 (Miss. 1926) (construing MISS. CODE § 965 (1906) (recodified at § 99-1-11)). In addition, Mississippi law grants the Attorney General "the sole power" to defend a lawsuit of state-wide interest "on behalf of a state agency," MISS. CODE § 7-5-1, and requires him to defend the State and public officials in civil lawsuits, MISS. CODE § 7-5-39. The federal statutes cited by Stern—42 U.S.C. § 1997a and § 1997c—are inapposite.

Moreover, Stern was not a client of the Mississippi Attorney General, *see Baker Donelson Bearman Caldwell & Berkowitz, P.C. v. Seay*, 42 So. 3d 474, 485 (Miss. 2010), and he fails to show that the Attorney General's representation constituted a conflict of interest or presented any other ground for disqualification. The district court did not abuse its discretion in denying the motion. *See FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995).

Second, notwithstanding Stern's argument to the contrary, the district court properly dismissed the claims against Attorney General Jim Hood and Deputy Attorneys General Myrick Jackson and Grant Hedgepeth for perjury and obstruction of justice in his state criminal trial on the ground that these defendants were entitled to absolute immunity as judicial officers and as witnesses. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Stern also argues that these defendants committed perjury, obstruction of justice, and "altering [of] records" in his 28 U.S.C. § 2254 habeas corpus proceeding, but he did not raise this claim in the district court. We will not consider it on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

In addition, the district court properly dismissed Stern's claim that Hinds County Circuit Clerk Barbara Dunn's actions caused him to enter a guilty plea "by force." To the extent that Stern seeks damages, his claim is barred by *Heck v. Humphrey*, 512 U.S. at 486-87, because it necessarily implies the invalidity of his conviction or sentence. To the extent that he is seeking release from confinement, his claim is in the nature of a § 2254 habeas corpus proceeding. *See Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). However, he has already sought § 2254 relief in a separate proceeding, and the district court dismissed that case. *Stern v. State*, No. 3:09-CV-335 (S.D. Miss. Mar. 31, 2010). Stern has not moved for authorization to file a successive § 2254 application as required by 28 U.S.C. § 2244(b)(3)(A).

Third, Stern challenges the dismissal of his whistleblower claims. In his complaint, Stern did not state whether he sought relief under the federal Whistleblower Protection Act (WPA), Mississippi's whistleblower laws, or both. The district court construed Stern's whistleblower claim as seeking relief under the federal act, and Stern does not dispute that ruling. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (per curiam). Therefore, Stern has abandoned any challenge to the district court's construction of his whistleblower claim. *See id.* The court properly denied the claim because Stern was not an employee of the federal government covered by the WPA. *See* 5 U.S.C. §§ 2105, 2302(b)(8).

Fourth, Stern challenges the denial of his motion to name additional defendants. The district court found that he sought to vindicate his rights only under various state statutes—rights that are not protected by § 1983. *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005). Stern does not dispute that finding on appeal. *See Mapes*, 541 F.3d at 584. The requested amendments were futile, and the district court thus did not abuse its discretion in denying Stern's motion. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005).

Fifth, Stern argues that the district court erred in dismissing his unsanitary haircut claim under 28 U.S.C. § 1915(e)(2)(B). He argues that the barbering practices in Mississippi Department of Corrections (MDOC) facilities do not comply with the various state laws and regulations. "However, a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard*, 419 F.3d at 353. Although Stern asserts that the MDOC barbering methods are "unconstitutional," he does not brief any argument or cite any authorities (other than Mississippi statutes) in support of this conclusory assertion, and he does not contest the district court's finding that the defendants' conduct was at most negligent and did not amount to a constitutional violation. He has abandoned

this issue.  *See Mapes*, 541 F.3d at 584.  Stern's discussion of his barbering claims includes new allegations of discrimination that we will not consider for the first time on appeal.  *See Stewart Glass*, 200 F.3d at 316-17.

In addition, Stern challenges the § 1915(e)(2)(B)(ii) dismissal of his claims against MDOC Commissioner Christopher Epps for fraud, embezzlement, and money laundering based on improper charges to Stern's prisoner account for pants that he did not purchase.  He has abandoned any challenge to the dismissal of similar claims against the companies that operated the prison commissary by failing to contest it.  *See Mapes*, 541 F.3d at 584.  As for his claim against Epps, the dismissal was proper.  Embezzlement and money laundering are crimes under Mississippi law, not private causes of action.  *See* MISS. CODE §§ 97-23-19 (embezzlement), 97-23-101 (money laundering).  Stern did not state a claim for fraud because he did not allege that he suffered any harm as a consequence of his reliance on a false representation.  *See State v. Bayer Corp.*, 32 So. 3d 496, 501 (Miss. 2010).

Stern contends that for Epps to "deprive him of his money rises to a constitutional level."  To plead a claim for relief under § 1983, "the plaintiff must allege that some person has deprived him of a federal right" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Stern failed to state a claim for relief because he did not allege that Epps was personally involved in the money being improperly deducted from his prisoner account.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that facts that are "merely consistent with" a defendant's liability fail to state a claim for relief (internal quotation marks and citation omitted)); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (explaining that § 1983 does not create supervisory or respondeat superior liability).

Sixth, the MJ did not err in limiting discovery in Stern's case.  *See Wilson v. Barrientos*, 926 F.2d 480, 482-83 (5th Cir. 1991).

No. 10-60662

Seventh, Stern contends that the district court violated his rights by instructing the jury at his trial on his environmental tobacco smoke (ETS) claim to consider whether Epps was liable in his personal capacity instead of his official capacity.[1]  The Eleventh Amendment bars official-capacity claims for money damages against such prison officials.  *Oliver v. Scott*, 276 F.3d at 742.  Also, § 1983 "does not create supervisory or respondeat superior liability."  *Id.*  Accordingly, if the district court had not construed the ETS claim as it did, the claim would not have gone to trial in the first place.  *See* FED. R. CIV. P. 61 (harmless error rule).

Eighth, with respect to Stern's challenge to a pretrial order entered without his consent, any error was harmless.  *See* FED. R. CIV. P. 61.

Finally, Stern contends that someone illegally recorded phone calls with his "advisory attorney" when Stern called him from jail.  He did not raise this claim in the district court, and we will not consider it on appeal.  *See Stewart Glass*, 200 F.3d at 316-17.

By failing to brief any argument regarding other claims that he raised in the district court, Stern has abandoned them.  *See Mapes*, 541 F.3d at 584.

### III.

Having rejected all of Stern's arguments, we affirm the judgment of the district court.

MOTION for oral argument DENIED; JUDGMENT AFFIRMED.

---

[1] In his brief, Stern raises this issue in both "ISSUE NUMBER 7" and "ISSUE NUMBER 9."

7