# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2012

No. 11-11164
Summary Calendar

Lyle W. Cayce
Clerk

PAUL WILLIAM DRIGGERS,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE CRIMINAL DIVISION; EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS; FEDERAL BUREAU OF INVESTIGATION,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-229

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul William Driggers, federal prisoner # 00922-287, moves this court for leave to proceed in forma pauperis ("IFP") in his appeal of the district court's grant of summary judgment for the defendants in his lawsuit under the Freedom of Information Act, 5 U.S.C. § 522. By moving for IFP status in this court, Driggers is challenging the district court's certification that his appeal is not

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Driggers's IFP motion lists, without explanation, four claims that he intends to raise on appeal: that the defendants failed to identify which documents contained information responsive to Driggers's FOIA requests, that the DOJ "never properly answered as a Defendant because they never submitted an affidavit," that the grand jury witnesses "waived privacy by testifying at trial," and that the defendants failed to produce documents responsive to Driggers's FOIA requests that were not protected by an exception for grand jury materials. "Although pro se briefs are afforded liberal construction, . . . even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (internal citation omitted). Driggers has failed to brief any argument challenging the district court's certification that his appeal was not taken in good faith, nor has he briefed any challenge to the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. Accordingly, he has "effectively abandoned" any challenge to the district court's certification decision, *see Mapes*, 541 F.3d at 584, and he has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Therefore, we DENY Driggers's motion for leave to appeal IFP, and we DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

This dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Driggers that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).