# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

Lyle W. Cayce
Clerk

No. 12-10747
Summary Calendar

TERRY R. JAMES,

Plaintiff-Appellant

v.

JUDGE EMILY TOBOLOWSKI, 298th Judicial Court; FIFTH DISTRICT COURT OF APPEALS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-910

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Terry R. James filed a pro se civil rights complaint against Hon. Emily Tobolowski (sic) of the 298th Civil District Court in Dallas County, Texas, and Texas's Fifth District Court of Appeals. The district court allowed James to sue in forma pauperis (IFP) but ultimately dismissed his suit for lack of subject matter jurisdiction. The district court also certified that any appeal would not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be taken in good faith. James now moves for leave to appeal IFP and requests appointment of counsel on appeal.

By moving for IFP status in this court, James is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). James argues that he was erroneously denied access to the courts and that the Texas vexatious litigant statute is unconstitutional. These arguments, however, are not directed to the district court's reason for certifying that James's appeal was not taken in good faith.

"Although pro se briefs are afforded liberal construction, . . . even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (internal citation omitted). James has failed to brief any argument challenging the district court's certification that his appeal was not taken in good faith, nor has he briefed any challenge to the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202. Accordingly, he has "effectively abandoned" any challenge to the district court's certification decision, *see Mapes*, 541 F.3d at 584, and he has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In addition, to the extent James sought injunctive relief against the defendants, § 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This is an additional basis for concluding that the appeal is frivolous.

In light of the foregoing, we deny James's motion for leave to appeal IFP, and we dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We also deny his motion for appointment of counsel.

No. 12-10747

James is cautioned that the filing of repetitive or frivolous pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.