United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30559
Summary Calendar

NORMAN MAPES,

Plaintiff-Appellant,

versus

JAMESON BISHOP; PATRICK WENNEMAN; KEN STELLY; CITY OF BATON
ROUGE,

Defendants-Appellees.

-------------------------------------------

NORMAN MAPES,

Plaintiff-Appellant,

versus

BOBBY SIMPSON; PATRICK ENGLADE; CHRIS CRANFORD; MIKE PONDER; CARL
JACKSON; DEIDRE ROBERT; VICKY JONES; CITY OF BATON ROUGE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-67
USDC No. 3:04-CV-443
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges,

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Norman Mapes appeals the dismissal of two consolidated civil rights actions brought under 42 U.S.C. § 1983 in which he alleged that police officers, the police chief, the City of Baton Rouge (City), and employees of the parish attorney's and prosecuting attorney's offices violated his constitutional rights by falsely arresting him and maliciously prosecuting him on a charge of soliciting a prostitute.

In No. 3:03-CV-67, the district court concluded that Mapes's false-arrest claim against the City and police-officer defendants Jameson Bishop, Patrick Wenneman, and Ken Stelly was barred by the applicable one-year Louisiana statute of limitation for personal injury actions. The district court reasoned that the statute of limitation had begun to run when Mapes was arrested on April 13, 2001, and as a result, had expired before Mapes filed his complaint on January 27, 2003.

Mapes's sole argument on appeal is that the district court erred in dismissing the false-arrest claim against these defendants as barred by limitations on the ground that his claim did not accrue until the prosecution terminated in his favor on January 25, 2002. We review de novo a district court's conclusion that a claim is time-barred. Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005).

A false-arrest claim under § 1983 does not accrue until a criminal prosecution that stems from such arrest terminates in the plaintiff's favor. See Price, 431 F.3d at 894; Heck v.

<u>Humphrey</u>, 512 U.S. 477, 486-87 (1994). Because Mapes filed his § 1983 complaint exactly one year after his false-arrest claim accrued, we vacate and remand for further proceedings as to this claim.[1]

Mapes briefs no argument with respect to the claims that were dismissed in No. 3:04-CV-443. He also fails to brief any claim in No. 3:03-CV-67 other than his false-arrest claim. Although pro se briefs are afforded liberal construction, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Accordingly, Mapes's remaining claims are effectively abandoned. <u>Yohey</u>, 985 F.2d at 224-25.

VACATED AND REMANDED AS TO FALSE-ARREST CLAIM IN NO. 3:03-CV-67; AFFIRMED AS TO ALL OTHER CLAIMS.

---

[1] Because January 25 and 26, 2003, were a Saturday and Sunday, Mapes had until Monday, January 27, 2003 to file his claim. <u>See</u> FED. R. CIV. P. 6(a).