# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2008

Charles R. Fulbruge III
Clerk

No. 06-30559
Summary Calendar

NORMAN MAPES

Plaintiff-Appellant

v.

JAMESON BISHOP; PATRICK WENNEMAN; KEN STELLY; CITY OF
BATON ROUGE

Defendants-Appellees

-------------------------------------------------------------------------------------------------------------------

NORMAN MAPES

Plaintiff-Appellant

v.

BOBBY SIMPSON; PATRICK ENGLADE; CHRIS CRANFORD; MIKE
PONDER; CARL JACKSON; DEIDRE ROBERT; VICKY JONES; CITY OF
BATON ROUGE

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:

We sua sponte recall the mandate, withdraw the prior panel opinion, Mapes v. Bishop, No. 06-30559, 2007 WL 1733069, (5th Cir. June 15, 2007), in its entirety, and substitute the following:

Norman Mapes appeals the dismissal of two consolidated civil rights actions brought under 42 U.S.C. § 1983 in which he alleged that police officers, the police chief, the City of Baton Rouge ("City"), and employees of the parish attorney's and prosecuting attorney's offices violated his constitutional rights by falsely arresting him and maliciously prosecuting him on a charge of soliciting a prostitute.

In No. 3:03-CV-67, the District Court held that the applicable one-year Louisiana statute of limitations for personal injury actions barred Mapes's false arrest claim against the City and police officer defendants Jameson Bishop, Patrick Wenneman, and Ken Stelly. We review the District Court's conclusion that Mapes's claim is time-barred de novo. Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005).

The District Court held that the statute of limitations began to run when Mapes was arrested on April 13, 2001, and, as a result, expired before Mapes filed his complaint on January 27, 2003. Mapes's sole argument on appeal is that the District Court erred in dismissing the false arrest claim against these defendants because his false arrest claim did not accrue until the prosecution terminated in his favor on January 25, 2002. Neither the District Court nor Mapes were correct.

The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 127 S.Ct. 1091, 1100 (2007). To the extent that Wallace conflicts with our decision in Brandley v. Keeshan, 64 F.3d

2

196 (5th Cir. 1995) (holding that a false arrest cause of action accrues when the criminal prosecution terminates in favor of the accused), Wallace abrogates Brandley.

Mapes filed his § 1983 complaint exactly one year after the criminal prosecution terminated in his favor. The date on which Mapes became detained pursuant to legal process does not appear in the record. It is difficult to see how Mapes's complaint could be timely because the date on which he was detained pursuant to legal process must have preceded the date on which proceedings terminated. Nevertheless, we vacate and remand to the District Court to determine the date on which Mapes was detained pursuant to legal process.

Mapes briefs no argument concerning the claims that were dismissed in No. 3:04-CV-443. He also fails to brief any claim in No. 3:03-CV-67 other than his false arrest claim. Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Accordingly, Mapes's remaining claims are effectively abandoned. Yohey, 985 F.2d at 224-25.

VACATED AND REMANDED AS TO FALSE-ARREST CLAIM IN NO. 3:03-CV-67; AFFIRMED AS TO ALL OTHER CLAIMS.