# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2012

No. 11-41287
Summary Calendar

Lyle W. Cayce
Clerk

HENRY C. ADAMS, JR.,

Plaintiff–Appellant

v.

BANK OF AMERICA; BAC HOME LOANS SERVICING, L.P.; WELLS
FARGO BANK, N.A.; HARBORVIEW MORTGAGE LOAN TRUST 2007-1,

Defendants–Appellees

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 4:10-cv-709

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The underlying suit commenced when Plaintiff-Appellant Henry C. Adams, Jr. filed suit in Texas state court to enjoin a foreclosure action and alleged violations of (1) the Texas Debt Collection Act, Chapter 392 of the Texas Finance Code, (2) the Texas Deceptive Trade Practices Act, § 17.41, et seq., of the Texas Business & Commerce Code, (3) negligent misrepresentation, and

---

[*] Pursuant to FIFTH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 11-41287

(4) wrongful foreclosure. Thereafter, the case was removed to federal court on the basis of federal question[1] and diversity jurisdiction. The parties consented to proceed before a magistrate judge, with Adams appearing pro se. The magistrate judge afforded Adams two opportunities to amend his complaint in order to provide more factual details in support of his claims, but Adams failed to avail himself of these opportunities. The magistrate judge then dismissed Adams's suit with prejudice under Rule 12(b)(6), on the basis that Adams had failed to state a claim.

Even a pro se appellant must set forth arguments and citations to legal authority. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." (citations omitted)). While we interpret Adams's brief liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he has failed to argue any facts or set forth any authority which would allow us to overturn the decision of the district court. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (finding a pro se appellant's brief insufficient in part because it "[did] not argue that the district court erred in any way."). After reciting a litany of apparent facts, Adams makes one argument: that a "forensic audit report" reveals that the Defendants-Appellees have committed various violations of federal and Texas law. However, the purported forensic audit report was never introduced in the district court, and "[t]he court of appeals will not generally consider evidence or arguments that were not presented to the district court."

---

[1] While Adams did not formally raise any federal claims in his complaint, the magistrate judge noted that he did make "passing reference" to federal claims therein, and he has done so in his brief before this Court, as well. In any event, the case was properly in federal court based on diversity jurisdiction.

No. 11-41287

*Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010) (citing *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Plaintiff-Appellant Adams has failed to address in any form or fashion the magistrate judge's reasons for dismissing his case. Accordingly, the decision of the district court is hereby AFFIRMED.