# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2013

Lyle W. Cayce
Clerk

K. F., by next friend Mary R.; MARY RUFFIN,

     Plaintiffs - Appellants

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT; LARRY CRADDOCK,

     Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3834

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mary Ruffin, individually and as next friend of her son, K.F., appeals the district court's dismissal of her claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§1400–1491. Ruffin has proceeded pro se throughout this litigation. In separate orders, the district court dismissed her claims against Larry Craddock, a Special Hearing Officer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appointed by the Texas Education Agency, and granted summary judgment in favor of the Houston Independent School District ("HISD" or "the district"). We AFFIRM.

## FACTS AND PROCEEDINGS

On March 9, 2011, Ruffin filed a complaint with the Texas Education Agency, alleging that the HISD violated various provisions of the IDEA. Specifically, she contended that the district failed to (1) timely evaluate the learning abilities of her minor son, K.F., (2) provide him with appropriate counseling and accommodations, and (3) communicate with her regarding K.F.'s progress at school. Craddock held a due process hearing on May 27 and 31, 2011, in accordance with 20 U.S.C. § 1415(f). Upon its completion, Craddock issued a final decision finding that Ruffin failed to meet her burden of proving that HISD had violated the IDEA. Ruffin appealed the hearing officer's decision by filing a complaint in the Southern District of Texas on October 28, 2011, raising against HISD the same issues presented during the IDEA hearing, and adding claims against Craddock for allegedly denying Ruffin and her son the opportunity for a full and impartial hearing.

On June 13, 2012, the district court granted Craddock's motion to dismiss pursuant to Rule 12(b)(6). It held that Ruffin, as a pro se litigant, lacked the capacity to represent her son for alleged violations of K.F.'s rights under 42 U.S.C. § 1983. Regarding her IDEA action, the court found, *inter alia*, that Ruffin improperly included claims, issues, and parties beyond the scope of the IDEA hearing. *See* 20 U.S.C. § 1415(i)(2)(A) (allowing civil actions only "with respect to the complaint presented").

On February 26, 2013, the district court granted the school district's motion for summary judgment, holding, *inter alia*, that HISD (1) met its legal

obligations to inform Ruffin about meetings and K.F.'s progress, (2) provided adequate services to K.F. after a committee determined he was eligible for special education services, (3) provided K.F. with an appropriate individualized education plan ("IEP"), and (4) took actions regarding K.F.'s graduation and transition that were reasonably calculated to enable him to receive educational benefits. The court entered final judgment on the same day, dismissing all claims against Craddock and the district with prejudice.

## STANDARD OF REVIEW

This court "review[s] a district court's dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (internal quotation marks omitted). We review the grant of summary judgment de novo as well, applying the same standards as the district court. *Albemarle Corp. v. United Steel Workers ex rel. AOWU Local 103*, 703 F.3d 821, 824 (5th Cir. 2013). Summary judgment is appropriate when the evidence indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *10 Ring Precision, Inc. v. Jones*, 722 F.3d 711, 717 (5th Cir. 2013); Fed. R. Civ. P. 56(a). In motions for summary judgment, "[w]e view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

Whether a school district provided a student with a free appropriate public education ("FAPE") is a mixed question of law and fact, which we review de novo. *See Adam J. ex rel. Robert J. v. Keller Indep. Sch. Dist.*, 328 F.3d 804, 808 (5th Cir. 2003). "The party contesting the propriety of the IEP

bears the burden of establishing why the IEP and the resulting placement are inappropriate under the IDEA." *Id.* A district court's findings of fact are reviewed for clear error, under which standard this court cannot overturn unless we are "left with a definite and firm conviction that a mistake has been committed." *Hous. Indep. Sch. Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 583 (5th Cir. 2009) (internal quotation marks omitted); *see also Hous. Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000). "[F]indings that a disabled student obtained educational benefits under an IEP[] are reviewed for clear error." *Id.* (internal quotation marks omitted); *see also Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993).

## CONCLUSION

Ruffin's Appellant Brief does nothing more than intersperse questions of law (without accompanying argument) with factual allegations she already raised before the hearing officer and district court. Although we afford her pro se briefs liberal construction, she still must brief arguments to preserve them. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Her failure to address the district court's legal reasoning for its holdings, together with her disorganized and incoherent repetition of arguments made and rejected below, lead us to conclude that her appeal is without merit. We find each of Ruffin's arguments to be either waived, irrelevant, or meritless.

We AFFIRM the district court's dismissal of Ruffin's claims against Craddock and its grant of summary judgment for the school district.