# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2014

Lyle W. Cayce
Clerk

No. 13-31150
Summary Calendar

BRIAN LEWIS,

Plaintiff - Appellant

v.

JP MORGAN CHASE BANK, N.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-747

Before HIGGINBOTHAM, CLEMENT and GRAVES, Circuit Judges.

PER CURIAM:*

Brian Lewis filed suit against JP Morgan Chase Bank ("Chase") in state court, alleging discrimination and defamation by Chase, arising out of unspecified sexual harassment or sexual assault allegations that were apparently made by Chase employees. Chase removed the case to federal court. The district court ultimately dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis now moves to proceed in forma pauperis (IFP) on appeal. The district court denied Lewis's motion to proceed IFP on appeal and a motion to waive fees and costs for transcripts, concluding that Lewis had not demonstrated his financial eligibility and that there was no non-frivolous issue for appeal.

"Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); *see also* Fed. R. App. P. 24(a). Good faith is shown when a party seeks to appeal an issue that is not frivolous. *Howard*, 707 F.2d at 220. Lewis has not demonstrated the existence of a non-frivolous issue for appeal. Although we construe pro se filings liberally, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), Lewis's briefs on appeal are utterly devoid of any legal or factual citations or any argument in support of reversal. With regard to both the discrimination and defamation claims, his complaint and appellate briefs both consist of confusing, conclusory allegations and legal conclusions, and are devoid of any facts that might entitle Lewis to relief under any legal theory. As the district court correctly noted, there are no facts or argument indicating any relationship between Lewis and Chase, any duty Chase might have owed to Lewis, the type of discrimination being alleged, or any details of the alleged defamation. Lewis briefly lists challenges to additional district court orders, including discovery orders and orders denying leave to amend the complaint, without argument, citation or factual support. Because Lewis has failed to present any coherent challenge to those orders, he has "effectively abandoned" those claims. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

No. 13-31150

Inasmuch as Lewis has not demonstrated that there is a non-frivolous issue for appeal, the motion to proceed IFP is DENIED.[1]  Lewis's motion to expedite the appeal is DENIED AS MOOT.  Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

---

[1] We also note that it is doubtful whether Lewis has demonstrated his financial eligibility for IFP status. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a).  Although he included an affidavit in support of his IFP status, he states that his current gross monthly pay for working at Albertson's, a grocery store, is "I don't know." He further reports "$0" for nearly all other questions on the form, including his average monthly income for the past 12 months, despite his reported employment.  Lewis's failure to provide actual information about his compensation renders it impossible for us to determine his financial eligibility.