# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

ANTHONY T. GROSE, SR.,

          Plaintiff - Appellant

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY, (DHS)  Federal Emergency Management Agency (FEMA); JOHN
STEVIAN, Human Resources Specialist (DHS), FEMA Human Capital
Recruitment; DEPARTMENT OF HOMELAND SECURITY, Federal Agency
of the United States Government; FEDERAL EMERGENCY
MANAGEMENT AGENCY, Federal Agency of the United States
Government,

          Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CV-227

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Anthony T. Grose, Sr., proceeding *pro se*, appeals the
dismissal of his lawsuit alleging claims of discrimination on the basis of race,

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

sex, and military-connected disability.  In his lawsuit, Grose alleges that the Federal Emergency Management Agency's ("FEMA") failure to hire him was the result of unlawful discrimination under Title VII of the Civil Rights Act of 1964, the Veterans Employment Opportunity Act of 1998 ("VEOA"), the Uniform Service Employment and Reemployment Rights Act of 1994 ("USERRA"), the American with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, the Disaster Relief Act of 1974 ("Stafford Act"), 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments.  He further alleges negligence under the Federal Tort Claims Act ("FTCA").

In 2007, Grose applied to FEMA for a position as a Housing Advisor Caseworker.  An inadvertent error in the job posting announcement led to the disqualification of his application and those of 124 other candidates who relied on that erroneous posting.  In a separate FEMA error, the notice sent to Grose informing him that he had not been selected for the position gave an incorrect reason for his disqualification.

Grose filed a complaint of employment discrimination with the Department of Homeland Security ("DHS").  An administrative law judge with the Equal Employment Opportunity Commission ("EEOC") found no evidence of discrimination, and DHS dismissed his complaint in January 2010.  Grose was informed of the deadlines to file an appeal with the EEOC or a civil action in federal district court.  Rather than pursuing either option, Grose filed three ultimately unsuccessful appeals with the Merit Systems Protection Board, the last of which terminated in April 2011.  Grose then filed the present lawsuit on June 3, 2011, naming as defendants Janet Napolitano, Secretary of DHS,

No. 14-60312

in her individual and official capacities, and John Stevian, Human Resources Specialist for FEMA, in his individual and official capacities.[1]

On Defendants-Appellees' combined motion to dismiss for lack of subject matter jurisdiction and for summary judgment, the district court dismissed all claims against Napolitano and Stevian in their official capacities. The court found that (1) Grose's Title VII claims were time-barred, or alternatively, that Grose had failed to demonstrate that the government's legitimate, nondiscriminatory reason for rejecting his application was pretext for discrimination;[2] (2) Grose had failed to establish a *prima facie* case of discrimination under the Rehabilitation Act; (3) Grose had failed to adduce any evidence supporting his claim under the Stafford Act; (4) no damages remedy existed under the Fifth Amendment for actions against federal agencies; (5) Grose's VEOA and USERRA claims were untimely filed; (6) Grose had failed to exhaust administrative remedies prior to filing his FTCA claim; and (7) the court lacked subject matter jurisdiction over Grose's claims under the ADA, § 1983, and the Fourteenth Amendment. Later, in separate orders, the district court dismissed Grose's remaining claims against Stevian and Napolitano in their individual capacities for, *inter alia*, insufficient service of process.[3] In various post-judgment motions, Grose pleaded additional claims of bias and

---

[1] Although Grose later amended his complaint to include both DHS and FEMA as defendants, throughout this lawsuit the defendants have styled themselves according to Grose's original designations. Because a lawsuit against a federal official in her official capacity is essentially a lawsuit against the entity she represents, for the purposes of this appeal we treat as one entity DHS, FEMA, and the individual defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

[2] *See Vaughn v. Woodforest Bank*, 665 F.2d 632, 636 (Fifth Cir. 2011) (describing the modified *McDonnell-Douglas* burden-shifting framework for Title VII discrimination claims).

[3] A federal official sued in her individual capacity must be served with process according to the requirements of Federal Rule of Civil Procedure 4(e), within 120 days of the complaint being filed. *See* FED. R. CIV. P. 4(e), 4(m). The complaint was filed on June 3, 2011, and the district court allowed Grose considerable time in which to perfect service (approximately 24 months for Stevian and 33 months for Napolitano).

No. 14-60312

misconduct on the part of the district court and counsel for Defendants-Appellees.

On appeal, Grose does not address the reasoning of the district court in dismissing his claims, relying instead on his own vague and unsupported allegations.  Although we construe *pro se* briefs liberally, Grose has waived his claims on appeal by failing to preserve them adequately.[4]  Our review of the record and the district court's thorough and well-reasoned opinions reveals no reversible error of fact or law.  Accordingly, the judgment of the district court is AFFIRMED.

---

[4] *See, e.g.*, *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).