# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30428
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2014

Lyle W. Cayce
Clerk

JUSTO E. ROQUE, JR.,

Plaintiff-Appellant

v.

BROTHER INTERNATIONAL CORPORATION; MICHAEL FIFICK, Executive Liaison, Executive Office; TOSHIKAZA KOIKE, Chairman (Headquarter),

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4778

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Justo E. Roque, Jr., appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction. "The district court must dismiss [an] action if it finds that it lacks subject matter jurisdiction." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing FED. R. CIV.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30428

P. 12(h)(3)).  A district court's dismissal for lack of subject matter jurisdiction is reviewed de novo.  *Wolcott*, 635 F.3d at 762.

Although this court liberally construes pro se briefs, "even pro se litigants must brief arguments in order to preserve them."  *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)); FED. R. APP. P. 28(a)(8).  Roque has failed to make a coherent argument challenging the district court's determination that it lacked subject matter jurisdiction over the action.  When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Roque has abandoned any challenge to the district court's dismissal of his complaint for lack of subject matter jurisdiction. *See id.*  Because Roque's appeal presents no legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.