# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10861
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANITA LASHUN MOSS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-34

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Shanita Lashun Moss, federal prisoner # 41225-177, pleaded guilty in 2010 to two counts of unauthorized use of an access device and was sentenced to 115 months of imprisonment, three years of supervised release, and restitution in the amount of $322,364.90.  She appeals the district court's denial of her motion for modification or reduction of her sentence under 18 U.S.C. § 3582(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10861

Although this court liberally construes pro se briefs, "even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)); FED. R. APP. P. 28(a)(8). Moss has failed to make any argument challenging the district court's ruling denying her § 3582(c)(2) motion. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moss has abandoned any challenge to the district court's dismissal of her § 3582(c)(2) motion. *See id.* Because Moss's appeal presents no legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Moss has unsuccessfully sought relief in three 28 U.S.C. § 2255 motions and now in a § 3582(c)(2) motion. She is WARNED that future frivolous filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.

DISMISSED AS FRIVOLOUS, SANCTION WARNING ISSUED.