# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2017

Lyle W. Cayce
Clerk

Cons/w No. 16-40409

REYNALDO FLORES,

                              Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE TRANSITORIAL
PLANNING DEPARTMENT SOUTHERN REGION INSTITUTIONS
DIVISION ET AL; MAYRA RUBIO SANCHEZ; EDWARD GARCIA; FRANCIS
OCHOA, San Antonio Police Department Officer; CASTELLANOS, San
Antonio Police Department Officer, et al,

                              Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-283

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Reynaldo Flores, Texas prisoner # 1912036, appeals the dismissal of his
civil rights lawsuit. We CONSOLIDATE the interlocutory appeal in No. 15-
41340 and the appeal from the final judgment in No. 16-40409 on our own

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

motion.   Accordingly, we DENY as unnecessary Flores's motion in No. 16-40409 to incorporate the brief he filed in No. 15-41340.

Flores challenges the district court's finding that his wife, Mayra Rubio Sanchez, and her boyfriend, Edward Garcia, were not state actors for purposes of the civil rights statutes.  We review de novo the dismissal of these allegations under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).  Flores fails to identify factual content that he alleged in the district court that allowed the court to draw the reasonable inference that Rubio Sanchez or Garcia were willful participants in joint activity with state actors.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Although Flores repeats allegations regarding the Bexar County and LaSalle County defendants, he has failed to brief any challenge to the venue-based dismissal of his claims against them.  Accordingly, he has "effectively abandoned" those claims.  *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

Similarly, the district court dismissed the claims against the Bee County defendants regarding the deprivation of meals on the ground that he failed to allege more than a *de minimis* injury, and the remaining claims against them on grounds of sovereign immunity, mootness, and failure to state a claim on which relief may be granted.  Because Flores has failed to brief those grounds for the dismissal of his respective allegations against the Bee County defendants, has again "effectively abandoned" those claims.  *See id.*; *see also Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986).

Accordingly, we AFFIRM the judgment of the district court.  We DENY Flores's motion to appoint a special master and for a subpoena duces tecum (in No. 15-41340) and his motion to appoint a master and for a subpoena duces tecum (docketed as a motion for extraordinary relief in No. 16-40409).  *See United States v. Okoronkwo*, 46 F.3d 426, 435 (5th Cir. 1995).  We DENY as

No. 15-41340
c/w No. 16- 40409

unnecessary Flores's motion to substitute parties (docketed as a motion for extraordinary relief in No. 16-40409). *See* FED. R. APP. P. 43(c)(2).

APPEALS CONSOLIDATED; AFFIRMED; MOTIONS DENIED.