# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40346
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

September 8, 2017

Lyle W. Cayce
Clerk

LESLIE HENDERSHOT,

Plaintiff-Appellant

v.

CORPORAL DUSTIN SLOVACEK, Texas Department of Public Safety State Highway Trooper; DEPUTY JEFFERY THOMPSON, DeWitt County Sheriff's Department; DEPUTY RAUL DIAZ, SR., DeWitt County Sheriff's Department; DOCTOR ALFRED BOWLES, DeWitt County Professional Certified and Licensed Medical Doctor; DOCTOR DAVID HILL, DeWitt County Professional Certified and Licensed Physician; DOCTOR DAVID BLOMSTROM, Victoria County Professional Certified and Licensed Medical Doctor; TEXAS DEPARTMENT OF PUBLIC SAFETY TROOPERS, Unknown Law Enforcement Authorities; DEWITT COUNTY SHERIFF'S DEPARTMENT DEPUTIES, Unknown Law Enforcement Authorities; LAW ENFORCEMENT OFFICERS, Unknown Law Enforcement Authorities; OTHER AUTHORITIES, Unknown Law Enforcement Authority,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:14-CV-70

No. 16-40346

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leslie Hendershot, federal prisoner # 52223-379, appeals the summary judgment dismissal of his civil rights lawsuit under 42 U.S.C. § 1983 against Texas State Trooper Dustin Slovacek, DeWitt County Sheriff Deputies Jeffery Thompson and Raul Diaz, and three doctors—Alfred Bowles, David Hill, and David Blomstrom. Hendershot alleged that after he consumed 32 grams of methamphetamine during a traffic stop in front of a Texas Aryan Brotherhood compound, gunfire from the compound erupted and Thompson shot him in the face with a shotgun. He argued that the law enforcement officers used excessive force and that the doctors failed to diagnose and treat his gunshot wounds.

We review the grant of a motion for summary judgment de novo, "applying the same standard as the district court." *Estate of Henson v. Wichita Cnty.*, 795 F.3d 456, 461 (5th Cir. 2015). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The district court dismissed the claims against the officers in their individual capacities pursuant to the doctrine of qualified immunity. To overcome qualified immunity, Hendershot had to show a genuine dispute as to whether the officers "violate[d] clearly established law." *Pearson v. Callahan*, 555 U.S. 223, 243 (2009); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Because Hendershot's version of events is "blatantly contradicted" by the record evidence, which includes photos of him in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40346

hospital after his arrest without any gunshot wounds, "no reasonable jury could believe" his assertions. *Scott v. Harris*, 550 U.S. 372, 380 (2007). For the same reason, Hendershot fails to show a genuine dispute as to any material fact regarding his claims against the doctors. *See Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 257-58 (5th Cir. 2001).

Hendershot has failed to brief, and thus "effectively abandoned," the dismissal of the official capacity claims against Slovacek as barred by sovereign immunity. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Although Hendershot also contends that the district court erred in denying his motion for production of the video surveillance footage from the hospital the day that he was admitted, he fails to show that the court abused its discretion. *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

Accordingly, we affirm the judgment of the district court. We deny the motion of Thompson and Diaz, incorporated in their brief, to dismiss the appeal. We deny Hendershot's motion for appointment of counsel, s*ee Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982), and his motions for leave to file supplemental attachments to his brief, *see Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

AFFIRMED; MOTIONS DENIED.