# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30269

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2018

Lyle W. Cayce
Clerk

REBEKKA ARCENEAUX,

> Plaintiff - Appellant

v.

ASSUMPTION PARISH SCHOOL BOARD; NILES RICHE,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-6554

ON PETITION FOR REHEARING

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

PER CURIAM:*

 IT IS ORDERED that the petition for panel rehearing is DENIED. The court's prior panel opinion is WITHDRAWN, and the following opinion is SUBSTITUTED therefor.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30269

Rebekka Arceneaux[1] brought claims of gender discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and 42 U.S.C. § 1983 against her former principal Niles Riche and the Assumption Parish School Board ("APSB"). After determining that Arceneaux failed to present evidence that could establish a prima facie claim of gender discrimination, the district court granted summary judgment for Defendants. For the following reasons, we AFFIRM.

## I. BACKGROUND

Arceneaux was a member of the Assumption High School ("AHS") varsity cheerleading team her freshman, sophomore, and junior years. After a photo of her with her uniform skirt raised appeared on a publicly viewable Snapchat account,[2] Arceneaux was punished with in-school suspension and dismissed from the cheerleading team for the remainder of her high school term because she exhibited "unacceptable behavior while in uniform" in violation of the AHS Cheerleaders/Mascot Discipline System ("Cheer Discipline Policy").[3]

Arceneaux's parents appealed her suspension. They claimed that, pursuant to the AHS Student Athlete Handbook ("Handbook"),[4] Arceneaux

---

[1] Rebekka Arceneaux's parents, Brian and Collette Arceneaux, first brought the claim on her behalf because she was a minor. When she reached the age of legal majority she was substituted as the plaintiff.

[2] Snapchat is a social media platform that allows users to post items that are no longer viewable after twenty-four hours and send messages that are generally not viewable after initially opened. Snapchat, *Snapchat Support*, https://support.snapchat.com/en-US/a/when-are-snaps-chats-deleted (last visited Feb. 15, 2018).

[3] Relevant to this case, the Cheer Discipline Policy dismisses a cheerleader for one suspension or "any unacceptable behavior while in uniform or at a school function." It further states that students who are dismissed from the team for disciplinary reasons "WILL NOT be allowed to try out for the next year's squad."

[4] According to the Handbook, a student athlete is only prohibited from participating in an athletic event that occurs during the term of a first suspension. Whether a suspension results in dismissal from the team is "at the discretion of the coach, athletic director, and/or

could not be prohibited from trying out for the cheerleading team for the upcoming school year because she had only one suspension during her time at AHS. After being told that the appeal would not be considered, the Arceneauxs filed a formal grievance with APSB. APSB responded that Arceneaux's conduct violated the Cheer Discipline Policy and the discipline was warranted.

On May 19, 2016, Arceneaux's parents filed this suit on her behalf alleging that the imposed discipline constituted gender discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. § 1983. Arceneaux argued the policies regarding suspensions outlined in the Handbook are more lenient than those contained in the Cheer Discipline Policy. This discrepancy, Arceneaux claimed, resulted in her punishment being harsher than that received by male student athletes for the same or similar behavior, and amounted to gender discrimination.[5] APSB argued that Arceneaux could not prevail on her claims because she could not point to an adequate comparator who was treated more favorably than she was. Instead of addressing that argument, the district court evaluated Arceneaux's Title IX and Equal Protection claims using Title VII jurisprudence and the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973), and granted

principal." However, a second suspension would render a student athlete "ineligible to participate in any sport for the remainder of that school year." The Handbook expressly allows athletes who were dismissed from a sports team to participate in "any type of spring training or tryout sessions for the following school year." The Handbook provides that "[e]ach head coach is responsible for compiling a set of eligibility rules and polices for his or her particular sport." Varsity cheer sponsor, Lynn Daigle, satisfied this responsibility by creating the Cheer Discipline Policy.

[5] Arceneaux also brought a Title IX retaliation claim alleging that, in April 2016, the school retaliated against her by selecting her for a random drug test. The district court granted Defendants' motion for summary judgment because Arceneaux was not tested. Arceneaux does not challenge the retaliation decision on appeal, so it is waived. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

No. 17-30269

Defendants' motion for summary judgment because the evidence that Arceneaux purported to be direct evidence of discrimination failed to carry her burden. Arceneaux timely filed this appeal.

## II. STANDARD OF REVIEW

We review the district court's order granting a summary judgment motion de novo. *Haire v. Bd. of Supervisors of La. State Univ.,* 719 F.3d 356, 362 (5th Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact" and the evidence, taken in the light most favorable to the nonmoving party, establishes "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Haire*, 719 F.3d at 362. "We may affirm summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.,* 322 F.3d 847, 853 (5th Cir. 2015).

## III. DISCUSSION

Title IX establishes that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). AHS is a high school under the jurisdiction of the APSB, an entity that receives federal funding for the operation and benefit of AHS. Arceneaux alleges that APSB subjected her to intentional discrimination when its representatives removed her from the cheerleading team and excluded her from participation the following year pursuant to a discriminatory policy that punished female students more harshly than male students for the same or similar conduct.

Intentional discrimination may be proven through direct or circumstantial evidence. "If . . . the plaintiff presents direct evidence of discrimination, the burden of proof shifts to the employer to establish by a preponderance of the evidence that the same decision would have been made

regardless of the forbidden factor." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 475 (5th Cir. 2015) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993)). Understanding the difficulty in obtaining direct evidence of an individual's mindset, the Supreme Court established a framework in *McDonnell Douglas* to prove intentional discrimination through the use of circumstantial evidence in Title VII claims. 411 U.S. at 803; *see also Price Waterhouse v. Hopkins*, 490 U.S. 228, 271 (1989) (O'Connor, J., concurring) ("[T]he entire purpose of the *McDonnell Douglas* prima facie case is to compensate for the fact that direct evidence of intentional discrimination is hard to come by.").

Notably, the *McDonnell Douglas* framework's applicability to Title IX claims is unsettled in this circuit. However, neither party on appeal contests the district court's use of Title VII jurisprudence. The dispute in this case focuses on whether Arceneaux can establish a prima facie claim. So we assume, without deciding, that the Title VII framework is applicable.

"The burden of establishing a prima facie case of disparate treatment is not onerous." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Yet still, viewing the record as a whole, Arceneaux failed to present direct or circumstantial evidence that, if believed, "would give rise to an inference of unlawful discrimination." *Id.* To prevail, Arceneaux must prove that she was excluded from the team on account of her being a female student. She cannot do so. According to the record, Arceneaux was not excluded from participating in cheerleading because she was a female student. She was removed from the team because she posed for a photograph, raising her cheerleading uniform skirt, and that photo was posted to the internet. This discipline was pursuant to AHS's Cheer Discipline Policy. The Cheer Discipline Policy documents did not contain language that could be construed as only applying to female cheerleaders. It is not facially discriminatory. Therefore, Arceneaux failed to

No. 17-30269

prove that she was excluded on the basis of sex, and her claims were properly dismissed.[6]

## IV. CONCLUSION

For the aforementioned reasons, we AFFIRM.

---

[6] The parties acknowledged that the district court did not rule on Principal Arceneaux's qualified immunity claim. Because the district court granted APSB's motion for summary judgment in its entirety and dismissed Arceneaux's claims with prejudice, it was not necessary for the court to conduct a qualified immunity analysis.