# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 18-40108
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2019

Lyle W. Cayce
Clerk

PATRICK GHOSH,

      Plaintiff-Appellant

v.

KEVIN BELT, In his Official and Individual Capacities; CLAUDETTE E. WARD, Lieutenant; VINCENT E. SIDNEY, Sergeant; MAJOR BUTCHER; DALE WATKINS; PATRICK HOOD,

      Defendants-Appellees

_____

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-17

_____

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Patrick Ghosh, former Texas prisoner # 1210558, appeals the district court's grant of the defendants' motion to dismiss and dismissal of his 42 U.S.C. § 1983 civil rights complaint with prejudice for lack of jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40108

Civil Procedure 12(b)(1) and 12(b)(6). We review the district court's dismissal de novo. *See Raj v. La. State Univ.*, 714 F.3d 322, 327, 329-30 (5th Cir. 2013).

In his complaint, Ghosh alleged that the defendants violated his constitutional rights by denying him access to the courts. He also argued that the defendants engaged in a scheme to retaliate against him for helping other inmates file grievances; Ghosh alleged that the defendants filed false disciplinary reports and inexplicably changed his job from the laundry to the field.

On appeal, Ghosh does not challenge the district court's conclusions that the Eleventh Amendment barred the recovery of monetary damages from the defendants in their official capacities; Ghosh had not made a viable access to the courts claim; Ghosh's claims of a retaliatory job change were frivolous; the defendants were entitled to qualified immunity; even if the defendants violated prison policy, such violation did not rise to the level of constitutional error; the theory of respondeat superior was not viable under § 1983; and the district court should decline to exercise supplemental jurisdiction over Ghosh's state law claims. Instead, Ghosh's appellate brief provides only conclusory assertions that the district court abused its discretion in dismissing his complaint and that defendants violated his constitutional rights. Ghosh does not identify a legal theory on which he could prevail, nor does he identify any relevant legal standards or caselaw. Accordingly, his claims are waived. *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it."); *see also* Fed. R. App. P. 28(a)(8)(A). "Although pro se briefs are afforded liberal construction . . . even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

No. 18-40108

For the foregoing reasons, we AFFIRM the district court's dismissal. Because Ghosh was incarcerated during the entirety of the district court proceedings and when he filed the notice of appeal, the district court's dismissal and our dismissal each counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). Ghosh previously received two strikes in *Ghosh v. David*, 739 F. App'x 281, 282 (5th Cir. 2018). Because he has now accumulated three strikes, Ghosh is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).