# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2021

Lyle W. Cayce
Clerk

No. 20-20505

Michel Thomas,

*Plaintiff—Appellant*,

*versus*

Grundfos, CBS; Mads Nipper; Henrik Christansen;
Jonathan Hamp Adam; Henri Baek; Astrid Norgaard
Fris; Steve Marshall; Billy Baxter; Terry Jalufka;
Chau Nguyen; Paddi Riopelle; Lonnie Padilla; Thomas
Braun Larsen; Grundfos Americas; Grundfos,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-557

Before Davis, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:*

Michel Thomas, a former temporary-employee assigned to a job with Defendant–Appellee Grundfos, CBS, filed a slew of employment claims

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20505

against fifteen defendants following his termination. Thomas asserted age, race, religion, sex discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code against the corporate defendants. Thomas asserted claims of race discrimination and retaliation under § 1981 and a negligent supervision claim against twelve individually named defendants. The claims against the individual defendants were dismissed in three separate orders. The district court denied the motions to dismiss filed by the corporate defendants. The district court subsequently granted the corporate defendants' motion for summary judgment and entered final judgment dismissing all of Thomas's claims with prejudice.

In a rambling and conclusory brief, Thomas appears to argue three points of error on appeal. First, Thomas argues that the district court lacked subject matter jurisdiction to adjudicate his claims because the district court "violated the judicial oath of office." Thomas makes broad and conclusory assertions that the district court acted outside its authority. Rather than explain this assertion, Thomas merely repeats his arguments from his employment claims. The district court had subject matter jurisdiction under 28 U.S.C. § 1331 because Thomas brought federal employment discrimination claims against the defendants.

Second, Thomas appears to argue that the district court erred by granting the corporate defendants' motion for summary judgment. Thomas claims that the district court did not properly weigh all inferences in his favor as the nonmovant and the district court improperly relied on hearsay. Thomas fails to brief this claim by merely repeating his arguments from his employment claims in a rambling and conclusory manner. Thomas did not clarify why the evidence constituted hearsay. He does not point to any evidence to raise a fact issue to defeat summary judgment, nor does he present an argument as to why the district court should not have relied on the

2

evidence in the record. "Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citation omitted). We hold that Thomas did not adequately brief this issue on appeal. Therefore, Thomas effectively forfeited the argument and we will not address this second point of error. *See United States v. Maes*, 961 F.3d 366, 377 (5th Cir. 2020) (noting that failure to adequately brief an argument forfeits the claim on appeal).

Finally, Thomas argues that the district court's orders and judgment are null and void for violating his procedural Fifth Amendment due process rights. By this argument, Thomas ignores the fact that he filed responses to each motion to dismiss filed by the defendants. Thomas received a favorable ruling on the corporate defendants' motion to dismiss. Thomas also filed a response to the corporate defendants' motion for summary judgment. Thomas does not clearly state how his Fifth Amendment due process rights were violated other than generally stating that the district court did not give him an opportunity to be heard. To adequately brief an argument, "a party must do more than offer conclusory statements and general citations to constitutional amendments." *Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 453 (5th Cir. 2019); *Nichols v. Scott*, 69 F.3d 1255, 1287 n.67 (5th Cir. 1995). We hold that Thomas did not adequately brief this issue on appeal. Therefore, Thomas effectively forfeited the argument and we will not address this third point of error. *See Maes*, 961 F.3d at 377.

\*          \*          \*

Because Thomas did not adequately brief his arguments on appeal, he has forfeited them. We AFFIRM the district court.