# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60075
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2024

Lyle W. Cayce
Clerk

John Lovelace, Jr.,

*Plaintiff—Appellant*,

*versus*

Greg Pollan, *Sheriff*; Andy Eubanks, *Jail Administrator*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CV-209

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, including on appeal, John Lovelace, Jr., Mississippi Department of Corrections # 121893, filed this civil-rights action under 42 U.S.C. § 1983 against the Calhoun County, Mississippi, Jail, the Calhoun County Circuit Court, Sheriff Greg Pollan, and jail administrator Andy

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60075

Eubanks. After dismissing the circuit court and jail, the district court granted summary judgment in favor of Sheriff Pollan and Eubanks.

Although *pro se* briefs are liberally construed, *pro se* litigants must brief challenges to a district court judgment for this court to consider them. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Arguments not briefed are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Along that line, Lovelace has abandoned any challenge to the district court's dismissal of the county jail and circuit court. To the extent Lovelace's brief seeks to incorporate by reference contentions made in the district court, the effort is unavailing. *See Yohey*, 985 F.2d at 224–25.

Our court reviews a summary judgment *de novo*. *E.g.*, *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a).

When, as here, however, defendants assert qualified immunity in a summary-judgment motion, "the burden then shifts to the plaintiff, who must rebut the defense". *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To overcome qualified immunity, Lovelace must show: defendants violated a constitutional or statutory right; and the right was "clearly established at the time of the alleged misconduct". *Cleveland v. Bell*, 938 F.3d 672, 675–76 (5th Cir. 2019).

Lovelace neither identifies a genuine dispute of material fact nor shows that the district court applied the law erroneously. Although he contends the court erred by not addressing a seizure that occurred after his arrest, our court has held the Fourth Amendment inapplicable to a pretrial detainee who was lawfully arrested. *See Jones v. City of Jackson*, 203 F.3d

875, 880 (5th Cir. 2000).  In the alternative, he fails to "point out clearly established law".  In short, he does not overcome qualified immunity.  *Tucker v. City of Shreveport*, 998 F.3d 165, 173 (5th Cir. 2021).

The district court's dismissal of Lovelace's action constitutes a strike for purposes of 28 U.S.C. § 1915(g).  *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (explaining "three strikes" procedure under § 1915(g)).  Lovelace is warned that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.