# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2025

Lyle W. Cayce
Clerk

————————

No. 24-30454
Summary Calendar

————————

Jeremy Dewayne Foster,

*Plaintiff—Appellant*,

*versus*

Jessie Bellamy; Brian Spillers; Valiree Delhonne; Jonna Gobert,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CV-661

———————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jeremy Dewayne Foster, Louisiana inmate # 609509 and proceeding *pro se* in district court and on appeal, challenges the summary-judgment dismissal of his civil-rights action under 42 U.S.C. § 1983. His several claims fail.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

The court dismissed some of Foster's claims under 28 U.S.C. § 1915(e)(2) (requiring court to dismiss proceedings *in forma pauperis* for, *inter alia*, failure to state a claim on which relief may be granted), and then granted summary judgment on the remaining claims for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative remedies before filing action under § 1983); *see also* Fed. R. Civ. P. 56 (summary-judgment standard).

Foster does not address the dismissal of claims under § 1915(e)(2). "Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citation omitted). Accordingly, Foster has abandoned any challenge to the dismissal of these claims. *See id.*

Turning to the summary-judgment dismissal, our court reviews such rulings *de novo*, using the same standard employed by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). Summary judgment is an appropriate stage at which to address a litigant's failure to exhaust. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010) ("[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury."). Because Foster repeatedly conceded his failure to exhaust before the district court, there was no genuine dispute of material fact; and the defendants were entitled to judgment as a matter of law. Moreover, Foster does not brief, and has therefore abandoned, any challenge to the issue of exhaustion. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008); *Mapes*, 541 F.3d at 584.

In challenging the summary-judgment ruling, Foster makes a number of allegations against the magistrate judge and district judge, including that

they lacked jurisdiction to dismiss his suit and engaged in the improper practice of law. He offers no support for the contention that either judge engaged in the improper practice of law. And insofar as he contends the magistrate judge lacked jurisdiction to recommend granting summary judgment, or that the summary-judgment procedure itself violates due process under the Fifth Amendment or deprived him of a jury trial in violation of the Seventh Amendment, such contentions are squarely foreclosed. *See, e.g.*, 28 U.S.C. § 636(b)(1) (jurisdiction and powers of magistrate judges); *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 999 F.3d 970, 972 (5th Cir. 2021) ("[T]he Supreme Court has long held that summary judgment does not violate the Seventh Amendment.") (citation omitted); *United States v. Raddatz*, 447 U.S. 667, 680–81 (1980) (magistrate judges' submission of proposed findings of fact and recommendations for disposition comports with due process).

   AFFIRMED.