# United States Court of Appeals for the Fifth Circuit

―――――――――――

No. 24-50777
Summary Calendar

―――――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2025

Lyle W. Cayce
Clerk

Ahmad Lafta,

*Plaintiff—Appellant*,

*versus*

State of Texas; Travis County; Heman Marion Sweatt,
Travis County; Roscoe Properties; Miranda McArthur,

*Defendants—Appellees*.

―――――――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-527

―――――――――――――――――――――――――――――

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ahmad Lafta, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, relating to a 2016 eviction, against the State of Texas, Travis County, the Heman Marion Sweatt Travis County Courthouse, Roscoe Properties, and Miranda McArthur. The district court dismissed his

―――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50777

complaint as frivolous under 28 U.S.C. § 1915(e) on the ground that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.

On appeal, Lafta argues that the district court improperly dismissed his case without proper notice, without providing him the opportunity to be heard, and without considering any evidence. Lafta altogether fails, however, to brief arguments concerning the district court's holding that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. Although *pro se* briefs are afforded liberal construction, even *pro se* litigants must brief arguments to preserve them. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Accordingly, Lafta has abandoned any argument that the district court erred in holding that it lacked subject matter jurisdiction, *id.*, and we find no error in the district court's dismissal of Lafta's complaint.

AFFIRMED.