# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2020

Lyle W. Cayce
Clerk

SEAN WESLEY,

Plaintiff-Appellant

v.

JONNY SUMLIN; JOHN GOODWIN; ALICIA LEWIS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1332

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Sean Wesley, Louisiana prisoner # 372598, filed this 42 U.S.C. § 1983 suit to seek redress for alleged acts of deliberate indifference to serious medical needs, and the district court dismissed it after granting the appellees' motion for summary judgment. In this appeal, Wesley insists that the defendants acted with deliberate indifference to his serious medical needs and are not entitled to qualified immunity. He contends that, while he was housed at the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31250

Claiborne Parish Detention Center (CPDC), he informed the defendants that he had hepatitis C, but that they refused to treat him for the condition and caused his transfer to another correctional facility after he filed a grievance.

This court reviews the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment "shall" be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Officials infringe the Eighth Amendment's proscription against cruel and unusual punishment by engaging in "deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted).

As a preliminary matter, we hold that Wesley has abandoned any claims against the CPDC because he has failed to challenge the district court's reasons for dismissal of those claims. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Likewise, Wesley fails to challenge the district court's reasons for the dismissal of his claims that the defendants retaliated against him. Wesley has, accordingly, abandoned any retaliation claims as well. *See id.* Finally, we refuse to entertain any claims that Wesley raises for the first time on appeal against LaSalle Management Company or LaSalle Corrections. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

As to the claims against the individual defendants, the record shows that Wesley was housed at the CPDC for approximately three and one-half months. Upon his intake at the CPDC, Wesley was examined by a facility nurse and he appeared to be in good health and not suffering from any pain or injury. Although he claimed to have hepatitis C, he told the nurse that he had not

been receiving treatment for the condition.  Wesley did not complain of any symptoms caused by hepatitis C and listed no medical, mental health, or other physical ailments on his intake screening form.  Further, the CPDC records contain no documents showing that Wesley ever complained to any CPDC medical staff or anyone else employed by the CPDC during the short time that he was housed there indicating that he was suffering any symptoms or required treatment.  We find that there is nothing in the record to show that the defendants exhibited "a wanton disregard for any serious medical need." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  The record thus shows no error in connection with the district court's conclusions that the individual defendants did not exhibit deliberate indifference to any serious medical needs. *See id.*; *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 223 (5th Cir. 1999).

Wesley also challenges the magistrate judge's denial of the appointment of counsel.  If necessary, this court must examine the basis of its jurisdiction on its own motion.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Wesley did not challenge the magistrate judge's adverse ruling before the district court, and there is no evidence in the record that Wesley consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  Consequently, we dismiss this appeal in part for lack of appellate jurisdiction.  *See Gregg v. Linder*, 349 F.3d 860, 862 (5th Cir. 2003).

Wesley's motion to supplement the record on appeal to include the magistrate judge's report and recommendation from a separate civil case is denied as unnecessary because we may take judicial notice of appropriate portions of the subject report to the extent necessary to resolve the issues presented here by Wesley.  *See United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001).

No. 18-31250

In sum, we DISMISS Wesley's appeal, in part, for lack of jurisdiction; we AFFIRM the district court's judgment in all other respects; we DENY Wesley's motion to supplement the record as unnecessary.