United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20398

RAYMOND F. GROSS,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee,

Appeal from the United States District Court
for the Southern District of Texas

(04-CV-136)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM[*]:

This case involves an appeal of the denial of a writ of habeas corpus by this court. The United

States Supreme Court remanded the case to this court for further consideration in light of *Wilkinson*

*v. Dotson*, 544 U.S. 74 (2005). *See Gross v. Dretke*, 126 S. Ct. 729 (2005). In *Wilkinson*, the Court

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

held that the claims of two state prisoners, which challenged the retroactive application of revised parole procedures, "are cognizable under § 1983, *i.e.*, they do not fall within the implicit habeas exception." *Id.* at 81-82. In making this determination, the Court noted that a favorable judgment would not necessarily imply the invalidity of the conviction or sentence. However,"*if* success in [a prisoner's § 1983] action would necessarily demonstrate the invalidity of confinement or its duration," then the § 1983 action "is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)." *Id.* at 80.

Texas state prisoner, Raymond Gross, received a sentence of twenty-five years imprisonment in the Texas Department of Criminal Justice - Institutional Division for the aggravated assault of a public servant with a motor vehicle. In September 1999, Gross became eligible for parole. The Texas Board of Pardons and Paroles has denied him parole on six occasions.

On December 5, 2003, Gross filed a pro se handwritten petition for a writ of habeas corpus. Gross' pro se petition attacked, inter alia, the constitutionality of the Board of Pardons and Paroles' procedures because a prisoner allegedly cannot correct inaccurate information contained in his file before he is considered by the parole board. The district court denied his habeas petition as legally frivolous and it denied a certificate of appealability. On December 21, 2004, this court also denied Gross a certificate of appealability. Based on Fifth Circuit precedent, we reasoned that the district court correctly construed Gross' challenge as a 28 U.S.C. § 2254 petition rather than a 42 U.S.C. § 1983 civil rights complaint because, according to the district court, the relief sought by Gross would automatically entitle him to immediate or accelerated release from prison.

2

Following remand from the Supreme Court, defense counsel enrolled on behalf of the petitioner. We requested that both parties file supplemental briefs addressing the impact of *Wilkinson* on Gross' claims. Gross argues that the parole procedures of the Board of Pardon and Paroles, which deny prisoners the right to verify the accuracy of information in their prison files, violate his Fourteenth Amendment due process rights. He argues that if successful, he would not necessarily gain immediate or speedier release. The State contends that *Wilkinson* allows a prisoner to challenge state parole procedures as a civil rights violation, but it does not preclude the same challenge under the federal habeas statute. The State also argues that Gross' claims are barred by the applicable statute of limitations and his failure to exhaust administrative remedies.

Based on the foregoing, we VACATE the judgment and REMAND to the district court for further consideration of the claims and arguments of the parties in light of *Wilkinson* and for further proceedings not inconsistent with this opinion.