# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50158

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2020

Lyle W. Cayce
Clerk

ROBERT W. GLENDINNING,

Plaintiff-Appellant

v.

TEXAS BOARD OF PARDONS & PAROLES,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-490

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Robert W. Glendinning, Texas prisoner # 620145, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). In his complaint, Glendinning alleged that Texas's revised parole policies regarding set-offs between parole hearings, as applied to him, violated the Ex Post Facto Clause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50158

By moving for leave to proceed IFP, Glendinning is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry on appeal is restricted to whether "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Glendinning fails to challenge the basis of the district court's ruling. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also* FED. R. APP. P. 28(a)(8). Glendinning therefore has abandoned any challenge to the district court's determinations that (1) the Texas Board of Pardons & Paroles is entitled to Eleventh Amendment immunity from suit under § 1983; and (2) even if he amended his complaint to name an individual official as a defendant, he could not establish an ex post facto violation resulting from the application of the revised parole laws. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

In his IFP motion, Glendinning argues that the district court failed to consider the two cases identified in his proposed amended complaint and supporting briefs, namely, *Wilkinson v. Dotson*, 544 U.S. 74 (2005), and *Gross v. Quarterman*, 211 F. App'x 251 (5th Cir. 2006). Because Glendinning had sufficient opportunity to plead his best case and because the information Glendinning sought to include in his complaint would not have prevented the complaint's dismissal, he fails to show that there is a nonfrivolous basis for arguing that the district court abused its discretion by denying his motions to amend his complaint and to file briefs in support thereof. *See Brewster v.*

No. 19-50158

*Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

Accordingly, Glendinning's appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard*, 707 F.2d at 220. Thus, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at n.24; *see also* 5TH CIR. R. 42.2.

The district court's dismissal of Glendinning's complaint and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Glendinning is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).