# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2020

Lyle W. Cayce
Clerk

No. 20-50316

Jacob Earl Murphy,

*Plaintiff—Appellant*,

*versus*

Greg Abbott, *Governor of the State of Texas*; Dale Wainwright, *Chairman*, *Texas Board of Criminal Justice*; Brian Collier, *Executive Director, Texas Department of Criminal Justice*; Pamela Thielke, *Director, Texas Board of Pardons and Parole*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-667

Before Stewart, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Jacob Earl Murphy, Texas prisoner # 01805040, moves for leave to proceed in forma pauperis (IFP) from the denial of his postjudgment motion

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

challenging the dismissal of his 42 U.S.C. § 1983 complaint.  He also moves this court to seal the district court record.

By moving for leave to proceed IFP, Murphy is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry on appeal is restricted to whether "the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Murphy does not challenge the district court's determination that his claims for monetary damages were barred because he failed to overcome the bar set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also* FED. R. APP. P. 28(a)(8).  Murphy therefore has abandoned any challenge to the district court's denial of his postjudgment motion.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

Accordingly, Murphy's appeal does not present a nonfrivolous issue and has not been brought in good faith.  *See Howard*, 707 F.2d at 220.  Thus, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.  His motion to seal the record is DENIED.

The district court's dismissal of Murphy's § 1983 complaint and our dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Murphy is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in

No. 20-50316

any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).