# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2022

Lyle W. Cayce
Clerk

No. 22-40155

Isreal Hudgins,

*Plaintiff—Appellant*,

*versus*

Jeffery Catoe; Jeffery Richardson; Michael McNeal; Gregory Dingas; Pamela Pace; Santanna Denise Tave,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-540

Before King, Jones, and Smith, *Circuit Judges*.

Per Curiam:*

In 2020, Isreal Hudgins, Texas prisoner # 1649033, filed a 42 U.S.C. § 1983 complaint, which was dismissed for failure to state a claim upon which relief can be granted; the district court also denied Hudgins leave to proceed in forma pauperis (IFP), certifying that an appeal was not taken in good faith. Hudgins then moved this court for leave to proceed IFP on appeal and

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.”

requested the appointment of counsel.  We denied Hudgins's IFP motion, denied his motion for the appointment of counsel, and dismissed his appeal as frivolous.  *Hudgins v. Catoe*, 821 F. App'x 392, 392-93 (5th Cir. 2020).  We advised Hudgins that he had two strikes under 28 U.S.C. § 1915(g) and issued a sanction warning.  *Id.* at 392-93.

In February 2022, Hudgins filed in the district court a motion to reopen his § 1983 case and a motion for reconsideration, along with other motions, all of which the district court construed as untimely motions seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b).  The district court denied the motions, denied Hudgins IFP status on appeal, and certified that an appeal would not be in good faith for the reasons set forth in this court's prior opinion, district court's prior order of dismissal, and the magistrate judge's report and recommendation in the closed case.

Hudgins now moves this court for leave to proceed IFP on appeal.  By moving to proceed IFP, Hudgins is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Thus, his request "must be directed solely to the trial court's reasons for the certification decision."  *Id.*  Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation and citation omitted).

Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants, "even pro se litigants must brief arguments in order to preserve them."  *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *see* FED. R. APP. P. 28(a)(8).  Hudgins has failed to raise any argument in his three-page brief challenging the district court's certification decision.  He therefore has

abandoned any challenge to the certification decision. *See Brinkmann*, 813 F.2d at 748; *Howard*, 707 F.2d at 220. He also fails to mention, much less challenge, the district court's determinations that his motions arose under Rule 60(b); that the motions were untimely; and that the arguments raised in the motions provided no basis for granting relief under Rule 60(b). While those issues may not go to the certification decision, they nevertheless are deemed abandoned. *See Brinkmann*, 813 F.2d at 748. Finally, insofar as Hudgins may be seeking to appeal this court's September 17, 2020, order denying his request for the appointment of counsel, he cannot do so by filing a motion to reopen in the district court, and the time for seeking rehearing in this court expired long ago. *See* Fed. R. App. P. 40(a).

Accordingly, Hudgins's motion for leave to proceed IFP on appeal is DENIED. Because "it is apparent that an appeal would be meritless," *Baugh*, 117 F.3d at 202 n.24, his appeal is DISMISSED as frivolous, *see* 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous constitutes a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Thus, because Hudgins now has three strikes, *see Hudgins*, 821 F. App'x at 392-93 (imposing two strikes), he is BARRED from proceeding IFP in any civil action filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Hudgins is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he should be directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.