# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50423
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricky J. Daniels, Jr.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-986

———————————————————————

Before Clement, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

The United States sued Ricky Daniels, Jr. under the False Claims Act for defrauding the U.S. Department of Veterans Affairs. The district court granted the government's motion for summary judgment, awarding it more than $9 million in damages and civil penalties, and denied Daniels's cross motion for summary judgment. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50423

## I.

### A.

The Post-9/11 GI Bill, 38 U.S.C. §§ 3301–27, provides financial assistance to members of the military, veterans, and eligible dependents who enroll in certain education programs. *See also* 38 U.S.C. §§ 3601–99B (administration of veteran education benefits). Before an educational institution can enroll students receiving such benefits, the institution must apply to the relevant state agency that oversees compliance with federal requirements. *See* 38 U.S.C. § 3676; 38 C.F.R. § 21.4254. In Texas, that state agency is the Texas Veterans Commission. The state agency may only approve courses offered at nonaccredited institutions if the institution and its courses meet certain criteria. 38 U.S.C. § 3676(c).

For "a course not leading to a standard college degree" to qualify under the Post-9/11 GI Bill, the statute requires that, among other things, the institution offering the course has been operating for at least two years. 38 U.S.C. § 3680A(e)(1); *see also* 38 C.F.R. § 21.4251(b). Congress enacted this requirement to, "prevent charlatans from grabbing [] veteran[s'] education money." *Cleland v. Nat'l Coll. of Bus.*, 435 U.S. 213, 219 (1978).

These institutions must submit certifications of enrollment for eligible veterans, which act as requests for payment of tuition and fees. In so doing, the institutions must certify that they "ha[ve] exercised reasonable diligence in meeting all applicable requirements of [the Post-9/11 GI Bill]." The VA processes these certifications automatically.

### B.

In 2012, Daniels began teaching a small business management class for veterans at Cutt Master, a barber school in El Paso, Texas. He helped the

school's owner obtain approval to receive benefits under the Post-9/11 GI Bill for this class.[1] For his services, Cutt Master paid one-third of the tuition received from this class to Daniels's unincorporated business that operated under the name "El Paso Summer Slam." Daniels continued to teach this business management course at Cutt Master until 2014, when he decided to open his own school.

On July 11, 2014, Daniels prepared and filed a certificate of formation for the ELPSS Career Institute LLC with the Secretary of State of Texas. The certificate lists Daniels's mother, Carla Daniels, as the entity's managing member. In August 2014, Daniels applied to the Texas Workforce Commission for approval to operate ELPSS Career Institute as a licensed career school. Daniels leased a building in Killeen, Texas in October 2014, which the school began occupying the following month. The Texas Workforce Commission issued the ELPSS Career Institute a certificate to operate in December 2014.

In June 2015, Daniels applied to the Texas Veteran Commission to approve ELPSS Career Institute under the Post-9/11 GI Bill. At the top of the first page of the application, Daniels checked a box certifying that his school "HAS operated as an educational institution for the last two years." The application clearly stated that the Texas agency would not process a request for approval for any school that had not been operational for two years. Daniels also signed a statement certifying that the statements

---

[1] In 2021, the owner of Cutt Master agreed to pay $900,000 to settle allegations that he violated the False Claims Act by falsely submitting claims to the VA. *See Press Release: Cutt Master Barber School Settles Allegations of False Claims Act Violations*, U.S. Dep't of Just. (Aug. 2, 2021), https://www.justice.gov/usao-wdtx/pr/cutt-master-barber-school-settles-allegations-false-claims-act-violations.

contained in the application were "true and correct to the best of [his] knowledge and belief."

Before the Texas Veterans Commission approved Daniels's application, it verified the school's compliance with the two-year rule by reviewing student records that Daniels provided. The agency then approved Daniels's application in August 2015. Daniels subsequently submitted 169 claims for repayment to the VA totaling over $2.4 million.

## C.

In September 2017, the VA Office of Inspector General informed the Texas Veterans Commission that the ELPSS Career Institute was under investigation for obtaining approval to train veterans under false pretenses, as the school had not been operational for the statutory two-year minimum. This investigation revealed that the student records Daniels had provided to substantiate the school's compliance with the two-year rule were for students who were enrolled at Cutt Master and who had never attended the ELPSS Career Institute. On September 12, 2017, the Texas Veterans Commission withdrew the school's approval and the school ceased operations two months later.

The government filed suit against Daniels and the ELPSS Career Institute under the False Claims Act in October 2020. At the close of discovery, the government and Daniels (proceeding *pro se*) filed cross motions for summary judgment. After excluding evidence that Daniels failed to produce during discovery, a magistrate judge recommended granting the government's motion and denying Daniels's motion. The district court adopted the magistrate judge's recommendations over Daniels's objection, granting the government's motion for summary judgment on its False Claims

No. 23-50423

Act claims and awarding the government $9,024,886.99 in damages.[2] The district court denied Daniels's motion for summary judgment, as well as several other motions. Daniels appeals, *pro se*.

## II.

"The standard of review on summary judgment is *de novo*." *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if a reasonable fact finder could review the evidence and find for the nonmoving party and "material" if it could "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

We liberally construe briefs of *pro se* litigants and apply less stringent standards than those applied to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). But *pro se* parties must still brief issues to preserve them. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

## III.

We construe Daniels's appeal as challenging both the district court's denial of his own summary judgment motion and grant of the government's.[3]

---

[2] In accordance with the False Claims Act, this damages award equaled the statutory minimum civil penalty for each violation plus three times the amount of damages sustained by the government. *See* 31 U.S.C. § 3729(a)(1).

[3] In addition, Daniels appears to argue that several government employees violated his constitutional rights and certain ethical-conduct standards. But the government employees are not parties to this case, nor did Daniels properly bring these affirmative claims below. Accordingly, these constitutional claims are not properly before us.

No. 23-50423

As an initial matter, the government argues that Daniels implicitly challenges the district court's evidentiary ruling by relying on evidence that the district court excluded under Federal Rule of Civil Procedure 37(c)(1); evidence not produced or disclosed during discovery. Indeed, Daniels's opening brief cites evidence that the district court excluded. We agree with the government that Daniels has forfeited any argument that the evidence should not have been excluded and therefore decline to consider it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."); *Mapes*, 541 F.3d at 584.[4]

On to the merits. A person is liable under the False Claims Act if he or she: "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or] (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1). To determine liability, we ask "(1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (*i.e.*, that involved a claim)." *United States ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 653–54 (5th Cir. 2017) (quotation marks and citation omitted).

First, we ask if the government has shown that Daniels submitted a false claim. We agree with the district court that it has. In his application for approval to train veterans, Daniels falsely certified that the ELPSS Career Institute had "operated as an educational institution for the last two years."

---

[4] In his reply, Daniels contends that the evidence was elsewhere in the record and therefore he can properly rely on it. If nothing else, this argument, too, is forfeited. *See Sec. & Exch. Comm'n v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022) ("Any issue not raised in an appellant's opening brief is forfeited.") (citation omitted) (alteration adopted).

Daniels submitted ELPSS Career Institute's application to the Texas Veterans Commission in June 2015, but the public records from the Texas Secretary of State and Texas Workforce Commission show that the ELPSS Career Institute was not formed until July 2014 and was not authorized to operate until December 2014.

Daniels argues, essentially, that there was no false claim because ELPSS Career Institute is one and the same as the other entities he used to conduct his teaching activities since 2013, including El Paso Summer Slam. But the record shows otherwise. ELPSS Career Institute is a limited liability company owned and managed, not by Ricky Daniels, but by his mother, Carla Daniels. It was this LLC that sought and obtained approval to operate as a career school in 2014. And it was this LLC that sought VA and Texas Veterans Commission approval to train veterans in 2015. Accordingly, Daniels's argument that there was no false claim fails.[5]

Second, we consider scienter. To prove scienter, the government must show that "the defendant[] had (1) actual knowledge of falsity, (2) acted with deliberate ignorance of the truth or falsity of the information provided, or (3) acted with reckless disregard of the truth or falsity of the information provided." *United States v. Hodge*, 933 F.3d 468, 473 (5th Cir. 2019) (alteration adopted) (citation omitted); *see also* 31 U.S.C. § 3729(b)(1)(A). The government is not required to show intent to defraud. 31 U.S.C. § 3729(b)(1)(B). "[T]he term 'reckless disregard' [] captures defendants who are conscious of a substantial and unjustifiable risk that their claims are false,

---

[5] And even if Daniels were correct (which he is not) that ELPSS Career Institute had operated for two years by way of Daniels's work in El Paso, the *Killeen location* had not operated for a least two years prior to its application and was therefore still ineligible to receive funds. 38 U.S.C. § 3680A(e)(2); *see also* 38 C.F.R. § 21.4251(b)(2).

but submit the claims anyway." *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 751 (2023) (citations omitted).

Here, Daniels knew (or *at least* recklessly disregarded) that the ELPSS Career Institute had not been operating for two years when he submitted the June 2015 application. Daniels prepared and filed the ELPSS Career Institute's certificate of formation in July 2014, sought approval from the Texas Workforce Commission for ELPSS Career Institute to operate as a career school in August 2014, and leased a building in Killeen to house the ELPSS Career Institute in October 2014. Moreover, Daniels knew that the ELPSS Career Institute would not have been approved if he accurately identified the school's start date, as the two-year requirement is the very first requirement listed on the Texas Veterans Commission application, and the form explicitly states that a request for approval cannot be processed if the rule is not met.

Daniels, in essence, doubles down on his argument that the ELPSS Career Institute had been operating for two years in an effort to show that he lacked knowledge of any false claims. We interpret this as an assertion that Daniels himself thought that the school had been operational for two years when he made the requisite certification and submitted records of students enrolled in Cutt Master in support thereof. But it defies credulity for Daniels to claim that he legitimately believed he could use records concerning students who took classes at an entirely different school to satisfy the two-year requirement at his new institution. *See United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 471 (5th Cir. 2009) (rejecting as "patently absurd" a False Claims Act defendant's argument that it lacked scienter when it certified that it had a formal partnership with a university for purposes of receiving a research grant when, in fact, the university's labs were simply open to the public).

Third, we ask if the false claim was material. The term "material" "means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). The two-year rule is an express requirement mandated by the statute. 38 U.S.C. § 3680A(e)(1). If a school has not been operational for two years, it is ineligible to receive VA funds. As such, Daniels's false statement is material. *See United States v. Davis*, 53 F.4th 833, 841 (5th Cir. 2022) (affirming wire fraud conviction where defendant falsely certified that his school had been in operation for two years).

Finally, we agree that the false claim caused the United States to pay out money. Daniels does not dispute this element nor the district court's calculation of damages. Daniels's false statement induced the VA to allow the ELPSS Career Institute to enroll veterans who received Post-9/11 GI Bill benefits, and his subsequent certifications of enrollment caused the VA to pay those benefits.

## IV.

No reasonable fact finder could find in favor of Daniels on any element of the government's False Claims Act claim. We AFFIRM.