# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2025

Lyle W. Cayce
Clerk

No. 24-40393
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Malando Bates,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CR-96-1

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Malando Bates challenges his 120-months' sentence (statutory maximum), imposed following his guilty-plea conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He challenges the base offense level in the presentence investigation report (PSR) and related proposed facts adopted by the district court.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40393

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Bates challenges the district court's finding that he constructively and jointly possessed the automatic firearm in the possession of another passenger riding in the same vehicle. The Guidelines provide for a base offense level of 22 if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine". U.S.S.G. § 2K2.1(a)(3).

To prove constructive possession, the Government must show defendant had ownership, dominion, or control over the firearm or the area in which it was discovered. *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). In joint-occupancy cases, however, our court "will find constructive possession only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item". *Id.* (citation omitted). Possession "need not be exclusive". *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).

Given that Bates admitted purchasing three automatic pistols and referenced a Glock switch conversion device, which was found attached to one of the pistols in the vehicle, the record contains sufficient "circumstantial indicia" that Bates knew of, and had access to, the firearms. *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993). Because Bates did

not offer any evidence to rebut the proposed facts in the PSR or otherwise show they were unreliable, the court was entitled to adopt the PSR and rely on its proposed facts without further inquiry. *E.g.*, *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010).

Accordingly, Bates has failed to show the court clearly erred by concluding he constructively and jointly possessed the firearms in the vehicle. *E.g.*, *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

And, to the extent Bates challenges the reasonableness of his upward-variance sentence, he has abandoned the issue by failing to properly brief it. *E.g.*, *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

AFFIRMED.